UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALEXIS VASQUEZ,

       Petitioner,

 -against-

DAVID ROCK,

       Respondent.
----------------------------------------------------------------x

MEMORANDUM & ORDER

08-CV-1623 (ENV)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 10 2010 ★
BROOKLYN OFFICE

**VITALIANO, D.J.**

 Petitioner Alexis Vasquez is before the Court on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Vasquez's petition for habeas corpus is dismissed and the writ is denied.

**BACKGROUND**

 On December 5, 2001, Shawn Grant and Solomon Kenney were shot and killed in Brooklyn. Two others, Kevin Bailey and Lamont Warren, were shot and wounded. Vasquez was charged, under Kings County Indictment No. 2154/02, with two counts of murder in the first degree (N.Y. PENAL LAW § 125.27[1][a][viii]); four counts of murder in the second degree (N.Y. PENAL LAW §§ 125.25[1], [2]); two counts of attempted murder in the second degree (N.Y. PENAL LAW §§ 110/125.25[1]); two counts each of assault in the first and second degree (N.Y. PENAL LAW §§ 120.10[1], 120.10[3], 120.05[2]); one count of attempted assault in the first degree (N.Y. PENAL LAW §§ 110.00/120.10[1]); and three counts each of criminal possession of a weapon in the second and third degree (N.Y. PENAL LAW §§ 265.03[2], 265.03[4]).

 Vasquez was tried jointly with co-defendant Joel Roberts but before separate juries. Vasquez was convicted of two counts of murder in the first degree, one count of assault in the

1

second degree, and three counts of criminal possession of a weapon in the third degree. On August 12, 2003, petitioner was sentenced to concurrent prison terms of life imprisonment on the first degree murder counts and to six years on the assault and weapon possession counts.

Petitioner's appellate counsel sought reversal of his conviction in the Appellate Division, Second Department, arguing that the trial court should have precluded identification testimony from a witness because the prosecutor had failed to serve notice pursuant to New York Criminal Procedure Law § 710.30; that the trial court had deprived him of his due process right to a fair trial by erroneously admitting evidence of photographic identifications; that the trial court violated New York evidentiary law and the Confrontation Clause by erroneously admitting a 911 call into evidence; and that the trial court erroneously refused to give a circumstantial evidence charge. Petitioner also filed a supplemental brief to the Appellate Division pro se, in which he argued that the trial court had erroneously admitted evidence regarding his escape from police custody; that the trial court had abused its discretion in failing to give defense counsel sufficient time to prepare his cross-examination of a prosecution witness; that the jury's verdict was against the weight of the evidence; and that the trial court erred by directing that petitioner and his co-defendant be tried jointly before separate juries.

On October 3, 2006, the Appellate Division affirmed, holding that the evidence "was legally sufficient to establish the defendant's guilt beyond a reasonable doubt," and, moreover, "that the verdict of guilt was not against the weight of the evidence." People v. Vasquez, 33 A.D.3d 636, 636, 822 N.Y.S.2d 124, 125 (2d Dep't 2006). The Appellate Division further held that "the challenged photographic identification made by an accomplice was merely confirmatory. Thus, the notice requirements of [New York Criminal Procedure Law §] 710.30 were inapplicable." 33 A.D.3d at 637, 822 N.Y.S.2d at 125. It continued that "the defendant

2

opened the door to testimony regarding photographic identifications by two police detectives, based on the remarks in his opening statement which undermined the integrity of the identification testimony of the detectives. Admission of earlier photographic identifications made by the detectives was warranted to correct [any] misimpression." Id. Finally, the Appellate Division held that Vasquez's contention relating to a surprise prosecution witness was unpreserved for appellate review, and that his remaining contentions, including those raised in his supplemental pro se brief, were without merit. 33 A.D.3d at 637, 822 N.Y.S.2d at 126.

Vasquez's appellate counsel then sought leave to appeal to the New York Court of Appeals on the same grounds. By order dated January 17, 2007, the Court of Appeals denied leave. People v. Vasquez, 8 N.Y.3d 850, 830 N.Y.S.2d 709, 862 N.E.2d 801 (2007).

On October 15, 2007, petitioner moved pro se for a writ of coram nobis on the ground of ineffective assistance of appellate counsel, arguing that the appellate counsel had been ineffective in failing to raise the following two claims to the Appellate Division: (1) the evidence of first-degree murder was legally insufficient because the evidence did not show that defendant "had been hired as a contract Killer" (Petition ("Pet.") at 4); and (2) the court erroneously failed to charge the jury that the People were required to prove beyond a reasonable doubt that defendant received, or expected to receive, money for his participation in the shooting "since the People had advanced this theory during the course of trial." (Id.) The Appellate Division denied the writ by order dated January 15, 2008. See People v. Vasquez, 47 A.D.3d 736, 848 N.Y.S.2d 884 (2d Dep't 2008). Petitioner's pro se leave application to the Court of Appeals was denied by that court on April 30, 2008.

On April 14, 2008, Vasquez filed the instant pro se petition for a writ of habeas corpus,

3

raising all but one of the same claims that he submitted to the Appellate Division[1] on direct appeal and in his motion for a writ of coram nobis.

**STANDARD OF REVIEW**

As is well-engrained now, driven by AEDPA, a federal court is not free to issue a writ of habeas corpus under the independent "contrary to" clause of 28 U.S.C. § 2254(d)(1) unless "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., for the Court, Part II). Similarly, a federal court cannot issue the writ under the independent "unreasonable application" clause unless "the state court identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." Id. at 413. But, a state court's "unreasonable application" of law must have been more than "incorrect or erroneous": it must have been "'objectively unreasonable.'" Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001) (citing Williams, 529 U.S. at 409 (O'Connor, J., for the Court, Part II)). Lastly, claims that were not adjudicated on the merits in state court are not subject to the deferential standard[2] that applies under AEDPA. See, e.g., Cone v. Bell, 129 S. Ct. 1769, 1784 (2009) (citing 28 U.S.C. § 2254(d)).

**DISCUSSION**

A.  Statutory Notice Claim

---

[1] See Discussion, infra.

[2] Under AEDPA's deferential standard of review, "[d]etermination of factual issues made by a state court 'shall be presumed to be correct,' and the applicant 'shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'" Smith v. Herbert, 275 F. Supp. 2d 361, 365-66 (E.D.N.Y. 2003) (quoting 28 U.S.C. § 2254(e)(1)).

4

Vasquez's claim concerning New York's statutory notice provision fails for two reasons. First, although the Appellate Division decided it on the merits, see Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 125, this claim rests solely in state law. See N.Y. CRIM. PROC. LAW § 710.30; see also Brown v. Harris, 666 F.2d 782, 785 (2d Cir. 1981) ("[Petitioner] cites no case indicating that this statute, or that a notice requirement in general, is constitutionally mandated."). Consequently, this claim is not reviewable by a federal habeas court. See, e.g., 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citing, inter alia, Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)); see also id. at 67 ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks and citation omitted)).

Second, even if this claim did not sound solely in state law, it would fail because the Appellate Division's affirmance on this ground is neither contrary to, nor an unreasonable application of, federal law. See 28 U.S.C. § 2254(d)(1). In such circumstance, given the absence of any holdings from the Supreme Court regarding a federal constitutional right to such relief, the Court has no authority, under 28 U.S.C. § 2254, to grant Vasquez's petition for habeas corpus on this ground. See Carey v. Musladin, 549 U.S. 70, 77 (2006); see also Wright v. Van Patten, 552 U.S. 120, 126 (2008); cf. Evitts v. Lucey, 469 U.S. 387, 402 (1985); Harris v. Rivera, 454 U.S. 339, 342 (1981) (reversing habeas relief where the Second Circuit's "constitutional

5

holding was unprecedented"); Cupp v. Naughten, 414 U.S. 141, 146 (1973) (stating, in the context of a challenged jury instruction, that, "[b]efore a federal court may overturn a conviction resulting from a state trial . . ., it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.").

B.  Other Photographic Evidence

The Appellate Division decided Vasquez's due process claim regarding the admission of photographic identifications—that the trial court had deprived him of his due process right to a fair trial by erroneously admitting evidence of photographic identifications—on the merits. See Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 125-26. Although petitioner used the term "due process" in presenting his claim on direct appeal, as well as in his habeas petition, the term is too vague to implicate federal law. See Petrucelli v. Coombe, 735 F.2d 684, 688 (2d Cir. 1984) ("[A] mere statement that 'due process' rights have been violated does not necessarily give rise to a specific federal constitutional claim. 'Due process[]' . . . can be a catchphrase used by habeas petitioners as part of an allegation about any type of trial court error, including errors in rulings based on state law." (citation omitted)). That is the case here. Vasquez's claim rests on the rule in New York law that "a witness may not testify to an extrajudicial identification of a photograph of the defendant." People v. Griffin, 29 N.Y.2d 91, 93, 323 N.Y.S.2d 964, 965 (1971) (citations omitted).

As the Appellate Division noted, there is an exception to this rule, as expressed in People v. Massie: "otherwise inadmissible evidence may become admissible where the adverse party has 'opened the door' to it by offering evidence, or making an argument based on the evidence, which might otherwise mislead the factfinder." 2 N.Y.3d 179, 180, 777 N.Y.S.2d 794, 794, 809

N.E.2d 1102, 1102 (2004). Either way, given the claim's non-federal nature, it, too, is not reviewable by a federal habeas court. See, e.g., 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 (1991) (citing, inter alia, Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)); see also id. at 67 ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks and citation omitted)).

Second, even if this contention did not sound solely in state law, it would fail because the Appellate Division's affirmance on this ground is neither contrary to, nor an unreasonable application of, federal law. See 28 U.S.C. § 2254(d)(1); Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 125-26. Instead, the Supreme Court has held that such identifications are admissible so long as the identification was reliable under the circumstances. See Manson v. Brathwaite, 432 U.S. 98, 114 (1977) ("[R]eliability is the linchpin in determining the admissibility of identification testimony."); Neil v. Biggers, 409 U.S. 188, 198 (1972) ("It is the likelihood of misidentification which violates a defendant's right to due process," making an identification procedure that leads to a very substantial likelihood of misidentification the "primary evil to be avoided." (citing Simmons v. United States, 390 U.S. 377, 384 (1968)); id. at 199. The testimony challenged on this point is not the actual identification but testimony the trial court allowed to establish the reliability of the identification after Vasquez had challenged it before the jury. The Appellate Division's determination here surely fits under the Manson rubric, to the extent that federal identification case law is implicated at all. See Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 125-26 ("the defendant opened the door to testimony regarding photographic identifications by two police detectives, based on the remarks in his opening statement which undermined the integrity of the identification testimony of the detectives. Admission of earlier photographic identifications made by the detectives was warranted to correct the

misimpression created that lineup identifications conducted 3 1/2 months after the incident were the only identifications these two detectives made." (citations omitted)). No matter how far the stretch to find justiciability, however, the Court has no authority, under 28 U.S.C. § 2254, to grant Vasquez's petition for habeas corpus on any ground related to the identification testimony admitted at trial. See Carey, 549 U.S. at 77; see also Wright, 552 U.S. at 126; cf. Evitts, 469 U.S. at 402 (1985); Harris, 454 U.S. at 342; Cupp, 414 U.S. at 146.

C. 911 Call

Petitioner raises two issues as to the admission of a 911 call audiotape into evidence. First, he contends that its admission was in violation of New York's hearsay rule, in that it did not fall under the present sense impression exception. Second, he contends that its admission was in violation of the Confrontation Clause. As above, the Appellate Division decided the 911 call claim on the merits.

The first of these contentions may be disposed of quickly: the claim is grounded in New York's evidentiary rules, not in federal law. See Guity v. Ercole, No. 07-CV-0728, 2007 U.S. Dist. LEXIS 82064, at *25 (S.D.N.Y. Nov. 6, 2007) ("[S]tate court decisions concerning the state evidentiary rules do not pose issues of constitutional dimension, unless it 'is so extremely unfair that its admission violates fundamental conceptions of justice.'" (quoting Dowling v. United States, 493 U.S. 342, 352 (1990))); cf. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks and citation omitted)); Beck v. Washington, 369 U.S. 541, 554-55 (1962). Consequently, this claim is not reviewable by a federal habeas court. See, e.g., 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 (1991) (citing, inter alia, Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)); see also id. at 67 ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal

quotation marks and citation omitted)).

Regarding the Confrontation Clause aspect of his contention, Vasquez raised this same federal claim at the state appellate level. Cf. Galdamez v. Keane, 394 F.3d 68, 76 (2d Cir. 2005); Morgan v. Bennett, 204 F.3d 360, 370-71 (2d Cir. 2000). Thus, having fairly presented his federal claim in state court, Vasquez has exhausted his state judicial remedies, meaning that this Court may review that ground of his habeas petition. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971) ("It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." (citations omitted)); Morgan, 204 F.3d at 369. Moreover, because the state court adjudicated petitioner's claim on the merits, see Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 125-26, the Court will analyze it applying AEDPA's deferential standard of review. See Cone, 129 S. Ct. at 1784.

The Court finds that the Appellate Division's rejection of petitioner's Confrontation Clause claim was neither contrary to, nor an unreasonable application of, the Supreme Court's holdings in Crawford v. Washington, 541 U.S. 36 (2004), and Davis v. Washington, 547 U.S. 813 (2006). Indeed, the 911 audiotape was not testimonial in nature because it related to an ongoing emergency, meaning that its admission did not implicate Crawford. See Davis, 547 U.S. at 822 ("Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."); id. at 827 ("A 911 call, on the other hand, and at least the initial

Davis, that "answers to . . . questions, delivered in emergency circumstances to help the police nab . . . assailants, . . . were of the type of declarations the Court would regard as testimonial"). Thus, relief is foreclosed on this ground as well.

D. Refusal to Give Circumstantial Evidence Charge

The Appellate Division held that Vasquez's circumstantial evidence claim was "without merit." Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 126. To the extent that his claim is founded on state law, the Court may not review it on his petition for habeas corpus. See, e.g., 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 (1991) (citing, inter alia, Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)); see also id. at 67 ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks and citation omitted)).

To the extent that Vasquez's claim is grounded in federal law, the Court finds that the Appellate Division's holding was neither contrary to, nor an unreasonable application of, such law. See, e.g., Holland v. United States, 348 U.S. 121, 139-40 (1954) (stating, where petitioners assailed the refusal of the trial judge to instruct on circumstantial evidence, that "the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." (citations omitted)); see also Martinez v. Reynolds, 888 F. Supp. 459, 464 (E.D.N.Y. 1995) ("[T]he constitutional right to due process does not require a court to give a special jury instructions when a case is founded on circumstantial evidence." (citing, inter alia, Holland, 348 U.S. at 140)). Here, the jury was properly instructed on the standards for reasonable doubt, leaving

10

petitioner's constitutional rights intact even absent a circumstantial evidence charge. Stated differently, there is no extant Supreme Court precedent requiring, as a matter of constitutional law, that a circumstantial evidence instruction be given to the jury in the circumstances present here. Thus, no habeas relief is warranted on this point, either.

E.  Evidence of Escape from Police Custody

The Appellate Division held that Vasquez's claim regarding defendant's escape from the 88th Precinct police station was "without merit." Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 126. Obviously, for the reasons stated above, to the extent that his claim is grounded in state law, the Court may not review it. And, to the extent that Vasquez's claim is grounded in federal law, the Court finds, based on the facts adduced at trial and the circumstances of this case, that the Appellate Division's holding was neither contrary to, nor an unreasonable application of, such law. See, e.g., Allen v. United States, 164 U.S. 492, 499 (1896) ("[T]he law is entirely well settled that the flight of the accused is competent evidence against him as having a tendency to establish his guilt." (citations omitted)); see also Starr v. United States, 164 U.S. 627, 632 (1897) (reversing judgment in extreme case where jury was instructed that "'flight is always relevant evidence when offered by the prosecution, and that it is a silent admission by the defendant that he is unwilling or unable to face the case against him. It is, in some sense feeble or strong, as the case may be, a confession, and it comes in with other incidents, the corpus delicti being proved, from which guilt may be cumulatively inferred.'"); Alberty v. United States, 162 U.S. 499, 510-11 (1896) (finding "no objection to that part of the charge which permits the jury to take into consideration the defendant's flight f[ro]m the country as evidence bearing upon the question of his guilt"); United States v. Mundy, 539 F.3d 154, 157 n.2 (2d Cir. 2008) (citing United States v. Salameh, 152 F.3d 88, 157 (2d Cir. 1998) (per curiam)); United States v. Triumph, 266 F. App'x

11

(2d Cir. 2005) (citations omitted); United States v. Hanley, 662 F.2d 595, 597 (2d Cir. 1981) ("From the very infancy of criminal litigation, juries have been permitted to consider flight as 'evidence of consciousness of guilt and thus of guilt itself.'" (citations omitted)). With no surprise, Supreme Court precedent does not work in petitioner's favor on this claim. It is dismissed.

F.  "Surprise" Prosecution Witness

Vasquez contends that the trial court erred in not granting defense counsel sufficient time to prepare his cross-examination of prosecution witness Shareka Jones. The Appellate Division held that this contention was "unpreserved for appellate review, as the defendant failed to object after the trial court granted a brief recess to enable him to prepare for cross-examination of that witness and after the cross-examination was conducted." Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 126. Even assuming, arguendo, that this claim is grounded in federal law, fundamental fairness does not require that this default be overlooked. Cf. Strickland v. Washington, 466 U.S. 668, 697 (1984). In fact, Vasquez has demonstrated neither cause for his procedural default nor actual prejudice resulting from an alleged violation of federal law—both of which are required. See, e.g., Dretke v. Haley, 541 U.S. 386, 393 (2004); Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004). Vasquez also cannot overcome the procedural bar on federal habeas review of this contention because he has not demonstrated that the Court's failure to consider his claim will result in a fundamental miscarriage of justice. See Haley, 541 U.S. at 393 (citation omitted); id. at 394 ("'[F]or the most part, "victims of fundamental miscarriage of justice will meet the cause-

and-prejudice standard.'"'" (quoting Murray v. Carrier, 477 U.S. 478, 495-96 (1986))). Indeed, Vasquez has presented no evidence suggesting that he is "actually innocent." See id. at 393 (citing, inter alia, Carrier, 477 U.S. at 496); Smith, 366 F.3d at 135 (citations omitted).

Finally, even if habeas review were appropriate on this claim, the claim would fail under Weatherford v. Bursey, 429 U.S. 545 (1977), and its progeny. In Weatherford, the Supreme Court noted that "unless the su[r]prise witness or unexpected evidence is, without more, a denial of constitutional rights, [a petitioner is] not denied a fair trial." Id. at 560. Beyond the fact that defense counsel did not object to the short time between "re-direct" and cross examination, the testimony elicited through re-direct was in the same vein as that elicited on direct examination, and, despite petitioner's contention, there is no evidence that the "false" statement about which defense counsel allegedly had too little time to confront Jones was actually false. Thus, any error committed by the trial court in failing to grant more time was harmless, at best. See Fry v. Pliler, 551 U.S. 112, 121-22 (2007).

G.  Weight of the Evidence

Vasquez argues next that the jury's verdict was against the weight of the evidence. Deciding this claim on the merits, and expanding it to include one regarding sufficiency of the evidence, the Appellate Division held that the evidence "was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence." Vasquez, 33 A.D.3d at 636, 822 N.Y.S.2d at 125 (citing N.Y. CRIM. PROC. LAW § 470.15 [5]).

As the Supreme Court has stated, "a conviction rests upon insufficient evidence when, even after viewing the evidence in the light most favorable to the prosecution, no rational factfinder could have found the defendant guilty beyond a reasonable doubt. A reversal based on

13

credibility. The 'weight of the evidence' refers to 'a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.'" Tibbs v. Florida, 457 U.S. 31, 37-38 (1982) (alteration in original) (citation omitted).

Reviewing both claims, the Court finds, first, that the Appellate Division's order affirming Vasquez's conviction did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Indeed, in light of the evidence, it was not unreasonable at all for the state appellate courts to determine that Vasquez's guilt had been proven beyond a reasonable doubt on evidence sufficient to support a conviction.

Moreover, Vasquez has failed to show that the challenged state court determinations were contrary to, or an unreasonable application of, Supreme Court precedent. First, he has failed to show that the determinations were against, or misapplied, the standard for insufficiency of evidence announced in Jackson v. Virginia, 443 U.S. 307 (1979). In assessing a claim regarding the sufficiency of trial evidence, a habeas court must view all "evidence in the light most favorable to the prosecution," and the applicant is entitled to habeas relief only if "'no rational trier of fact could have found proof of guilt beyond a reasonable doubt'" based on the evidence adduced at trial. Flowers v. Fisher, 296 F. App'x 208, 210 (2d Cir. 2008) (citing Jackson, 443 U.S. at 324, 326). Even when "'faced with a record of historical facts that supports conflicting inferences [a court] must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Wheel v. Robinson, 34 F.3d 60, 66 (2d Cir. 1994) (quoting Jackson, 443 U.S. at 326). Given that a reviewing court may not substitute its judgment for that of a rational jury, a

14

petitioner "bears a very heavy burden" in challenging the sufficiency of evidence upon which he was convicted. Einaugler v. Supreme Court, 109 F.3d 836, 840 (2d Cir. 1997) (internal quotation marks and citation omitted). Surely, Vasquez has not met this burden. He has not even come close, there being no evidence of Vasquez's actual innocence in the record, but bountiful evidence (for example, the evidence offered by Jones, Simington, and "Chris," the caller on the 911 tape).

Second—and to the extent that this state law based claim is even appropriate for habeas review[3]—petitioner has failed to show that the challenged state court determinations were contrary to, or an unreasonable application of, Supreme Court precedent. See, e.g., Jackson, 443 U.S. at 319 ("Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution."); see also Philbin-Collier v. Doe, No. 08-CV-4382, 2010 U.S. App. LEXIS 8675, at *2 (2d Cir. Apr. 27, 2010) ("[A]ppellant's assertion that the jury verdict was against the weight of the evidence is not a proper basis for appeal." (citing, inter alia, Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993) ("The weight of the evidence is a matter of argument to the jury, not a ground for reversal on appeal."))); United States v. Hamilton, 334 F.3d 170, 179 (2d Cir. 2003) ("'Where there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence.'" (quoting United States v. Miller, 116 F.3d 641, 676 (2d Cir. 1997)); Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) ("[A]ssessments of the weight of the evidence or the

---

[3] "'Weight of the evidence' claims stem from [New York Criminal Procedure Law] § 470.15(5), which allows an intermediate appellate court to reverse or modify a conviction where the court determines that the verdict was, in whole or in part, against the weight of the evidence, meaning that the 'trier of fact has failed to give the evidence the weight it should be accorded.'" Nylander v. Smith, No. 07-CV-0457, 2010 U.S. Dist. LEXIS 31071, at *17 (E.D.N.Y. Mar. 30, 2010) (citing People v. Bleakley, 69 N.Y.2d 490, 515 N.Y.S.2d 761, 763, 508 N.E.2d 672 (1987)). Given that Vasquez's weight of the evidence claim is a creature of state law, it is not cognizable for habeas review. See, e.g., 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68; see also id. at 67 ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks and citation omitted)).

credibility of witnesses are for the jury and not grounds for reversal on appeal; we defer to the jury's assessments of both of these issues." (citations omitted)); Flores v. Ercole, No. 06-CV-6751, 2010 U.S. Dist. LEXIS 33431, at *21 (E.D.N.Y. Mar. 31, 2010) ("[Petitioner's] claim that the jury verdict was against the weight of the evidence, is not cognizable on habeas review." (citing Maldonado, 86 F.3d at 35)). The "sufficiency" claim in all of its permutations cannot support the issuance of the writ.

H.    Separate Juries

Vasquez did not a raise a "separate juries" challenge in his petition, but he did in his "Traverse" to the People's response. He also raised this claim at the state appellate level. As such, the Court will construe his petition to include a "separate juries" claim.

The Appellate Division held that Vasquez's claim regarding having a separate jury from his co-defendant was "without merit." Vasquez, 33 A.D.3d at 637, 822 N.Y.S.2d at 126. The Court finds that the Appellate Division's holding was neither contrary to, nor an unreasonable application of, the Fifth and Fourteenth Amendments, or of federal constitutional law generally. Indeed, the Supreme Court has not specifically addressed the issue of separate juries in such a context. See Carey, 549 U.S. at 77; see also Wright, 552 U.S. at 126; cf. Harris, 454 U.S. at 342; Cupp, 414 U.S. at 146. Moreover, where federal appellate courts have dealt with challenges to a dual jury system, these courts have upheld use of the procedure. See, e.g., Wilson v. Sirmons, 536 F.3d 1064, 1099 (10th Cir. 2009) (citing Lambright v. Stewart, 191 F.3d 1181, 1186 (9th Cir. 1999) (en banc); Smith v. De Robertis, 758 F.2d 1151, 1152 (7th Cir. 1985); United States v. Lewis, 716 F.2d 16, 19 (D.C. Cir. 1983); and United States v. Hayes, 676 F.2d 1359, 1366 (11th Cir. 1982)); Brown v. Sirmons, 515 F.3d 1072, 1078 (10th Cir. 2008) ("[E]very federal appellate court that has considered a dual jury system has finally concluded that its use is not structural

error, and we conclude the same." (citing same cases)); cf. Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' For these reasons, we repeatedly have approved of joint trials." (citations omitted)); id. at 539 ("[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."); id. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." (citations omitted)). All considered, and dispositively, there is simply no federal precedent holding that a joint trial before separate juries runs afoul of federal constitutional law. More to the point, even if the Court had free rein, petitioner has not demonstrated that use of dual juries deprived him of any right, or that he was in any way prejudiced by having two juries separately impaneled. See, e.g., Lewis, 716 F.2d at 19. Habeas relief is unavailable on this score.

I.  Ineffective Assistance of Appellate Counsel

Petitioner points to the following alleged deficiencies in the work of his appellate counsel: (1) the evidence of first-degree murder was legally insufficient because the evidence did not show that defendant was paid or expected to be paid for the shooting; and (2) the court erroneously failed to charge the jury that the People were required to prove beyond a reasonable doubt that defendant received or expected to receive money for his participation in the shooting.

Strickland v. Washington announced that "the proper standard for attorney performance

is that of reasonably effective assistance." 466 U.S. at 687 (citation omitted). A convicted defendant who claims ineffective assistance of counsel must show both that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

The Strickland standard applies to claims of ineffective assistance of appellate counsel as well. See, e.g., Smith v. Robbins, 528 U. S. 259, 285-86 (2000) (stating that "the proper standard for evaluating [petitioner's] claim that appellate counsel was ineffective . . . is that enunciated in Strickland v. Washington." (citing Smith v. Murray, 477 U.S. 527, 535-536 (1986))). More specifically, appellate counsel's job is to "'support his client's appeal to the best of his ability'"; appellate counsel has no "duty to raise every 'colorable' claim suggested by a client." Jones v. Barnes, 463 U.S. 745, 754 (1983) (citation omitted); accord Gulliver v. Dalsheim, 739 F.2d 104, 107 (2d Cir. 1984). This standard applies with particular force where, as here, an appellant's suggested claims are of dubious "color." As in Strickland, moreover, the Jones court cautions against second-guessing the reasonable professional judgments of counsel. Jones, 463 U.S. at 754.

The Court finds that the Appellate Division's rejection of this claim was neither contrary to, nor an unreasonable application of, federal law. Having reviewed the appellate record in this case, the Court is more than persuaded that the Appellate Division's denial of petitioner's application was not only free from constitutional error but entirely appropriate.

**CONCLUSION**

For the foregoing reasons, the petition for habeas corpus of Alexis Vasquez is dismissed

with prejudice and the writ is denied. Since Vasquez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore <u>in forma pauperis</u> is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      June 9, 2010

_____
ERIC N. VITALIANO
United States District Judge